UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELISSA TORRES,                                             Case No.

               Plaintiff,

                                             **COMPLAINT**

      -against-                                      ***PLAINTIFF DEMANDS***

                                             ***A TRIAL BY JURY***

CARDINAL MCCLOSKEY SCHOOL AND HOME
FOR CHILDREN D/B/A CARDINAL MCCLOSKEY
COMMUNITY SERVICES,

               Defendant,
------------------------------------------------------------X

      Plaintiff MELISSA TORRES, by her attorneys THE LAW OFFICES OF ROBERT M. FOX, hereby complains of the Defendant CARDINAL MCCLOSKEY SCHOOL AND HOME FOR CHILDREN D/B/A CARDINAL MCCLOSKEY COMMUNITY SERVICES, upon information and belief, as follows:

## NATURE OF THIS CASE

      Plaintiff complains pursuant to The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C., 2601 et seq (FMLA), the New York State Human Rights Law, New York State Executive Law Section 290 et seq., New York State Executive Law § 296, et seq. ("NYSHRL"), the New York City Human Rights Law, New York City Administrative Code Section 8-101 et seq., New York City Administrative Code § 8-107(1), et seq. ("NYCHRL"), and the New York City Human Rights Law ("NYCHRL") as amended by the Pregnant Workers Fairness Act ("PWFA"). Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated, retaliated

1

against and wrongfully terminated by Defendant solely due to her disabilities and /or perceived disabilities. Plaintiff seeks compensatory and punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper under 42 U.S.C. § 12101, et seq., and 28 U.S.C. §§ 1331 and 1343.

2. The Court has supplemental jurisdiction over the claims Plaintiff brings under state and city laws pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

4. Plaintiff filed a Charge of Discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

5. Plaintiff received a Notice of Right to Sue from the EEOC, dated May 14, 2024. concerning the herein charges of discrimination. A copy of the Notice is annexed hereto.

6. This action is being commenced within 90 days of receipt of said Notice of Right to Sue.

## PARTIES

7. At all times relevant hereto, Plaintiff MELISSA TORRES (hereinafter, "Plaintiff" or "Torres") is a resident of the State of New York and was a "person" and an "employee" entitled to protection as defined by the ADA, FMLA, the NYSHRL, and NYCHRL.

8. At all times relevant hereto, Defendant Cardinal McCloskey School and Home for Children d/b/a Cardinal McCloskey Community Services, located at 529 Courtlandt Avenue, Bronx, New York was a domestic not-for-profit corporation existing under the laws of the State of New York.

## FACTS

9. Plaintiff began working for McCloskey as a case worker in January, 2021 at the 529 Courtlandt, Bronx, New York location. Her duties included weekly visits to families, helping families navigate city systems, ensuring children's safety, assessing children and whether to recommend treatment and therapy. She performed her duties satisfactorily.

10. On information and belief, Cardinal McCloskey Community Services has approximately 750 employees, as indicated on their website. https://cmcs.org/

11. Plaintiff's annual salary was approximately $58,000.

12. Torres did not experience problems with her employer until she notified them of her pregnancy. After she informed McCloskey of her pregnancy, her supervisors began to treat her differently and made her work situation more difficult.

13. In or about September, 2022, Plaintiff was experiencing a very difficult pregnancy, which resulted in dangerous and painful swelling of her legs. She requested the opportunity to periodically walk around the office to relieve the swelling and submitted all required information to Defendant for a reasonable accommodation.

14. Despite Torres' doctor's instructions, that she was to remain seated for no longer than one hour at a time, McCloskey demanded that she remain seated for her entire workday in the office. Rather than accommodate her in accordance with her doctor's instructions, the director "Sonia" suggested Plaintiff order a device from Amazon to elevate her legs. This so- called "accommodation" was contrary to Plaintiff's doctor's express orders and had no medical grounds at all.

15. Further, when Torres showed the swollen condition of her legs to "Nadia"(the program director), Nadia laughed and responded "you will be fine." On information and belief, Nadia has no medical background.

16. In further violation of Federal and State law, Sonia Luburic, a director demanded that Torres take FMLA leave immediately. Plaintiff did not wish to go on leave at that time as she had planned to work through her pregnancy but because of this demand and the harassing and discriminatory behavior to which she was subjected, she took the leave shortly thereafter.

17. Plaintiff went on leave during the last weekend of November, 2022 and used a combination of sick days, personal days and FMLA leave. She was scheduled to return on May 5, 2023.

18. On May 4, 2023, the day before Plaintiff was scheduled to return, she called her employer for her schedule. Defendant stated over the phone that she had been terminated. Their alleged reason was "progress note deficiencies", which is puzzling since Torres had not worked there since late November and they had not advised her of any deficiencies (which could only have occurred in the previous year, 2022).

19. McCloskey's alleged excuse for Plaintiff's termination was a mere fabrication and retaliation for having previously requested reasonable accommodations which were never seriously considered and for having complained to Human Resources about such refusal.

20. Prior to her termination, Torres was also subjected to repeated blatant refusals to accommodate her disability by McCloskey. For example, in October, 2022, during the later part of her very difficult pregnancy, Torres experienced severe breathing problems. Although McCloskey was well-aware of this, they refused her permission to remove her mask during one-on-one meetings and even issued her a written reprimand. On or about October 11, 2022, Plaintiff complained to Human Resources, who did not respond to her complaint.

21. McCloskey did not require constant wearing of masks for its staff in October, 2022.

22. Throughout Plaintiff's pregnancy she was also subjected to other methods of harassment. For example, in October, 2022, she requested permission to move her car to a legal spot (she had some difficulties in finding a parking spot) and received such permission). Because of the swollen condition of her legs, Plaintiff could not walk quickly from the parking lot to the office. As a result of this, she was accused of

5

"stealing time" despite the fact that McCloskey knew that she could not walk that quickly at such an advanced stage in her pregnancy and severe breathing problem.

23. Since the time Plaintiff became pregnant, she was subject to a hostile environment and a continuing pattern of retaliatory behavior by Defendant.

24. Plaintiff's disability (pregnancy) and related complications such as swollen legs and breathing problems are disabilities covered by the ADA and by New York State and City Human Rights Laws. At all times, she was able to perform her job with reasonable accommodations. Torres duly requested such accommodations, all of which were refused by McCloskey.

25. Other similarly situated employees who were not pregnant and did not need or request accommodations were not subjected to the same retaliatory treatment.

26. Because of the discrimination Plaintiff suffered, she is now unemployed and no longer receiving disability payments. She lost medical coverage at a time when she needed it and such loss led to her condition being aggravated.

27. Plaintiff was forced to apply for Medicaid because she had an infant who needed healthcare.  Thus, Plaintiff lost salary as well as benefits. This is a continuing harm.

28. Although Plaintiff was and is actively looking for work, she has been unable to find employment.

29. Based on the foregoing, McCloskey has discriminated against Plaintiff based upon her disability in violation of the Americans with Disability Act, the Family and Medical Leave Act,  New York State Human Rights Law and the New York City

Human Rights Law ("NYCHRL") as amended by the Pregnant Workers Fairness Act ("PWFA").

30. Although McCloskey was well aware of Plaintiff's disability, they refused to offer a reasonable accommodation when requested and terminated her instead.

31. Plaintiff believes her termination was not only a result of being discriminated against because of her disability, but it was also retaliatory action taken against her for taking FMLA and for requesting accomodations.

32. Defendant McCloskey and its staff, each collectively and individually, condoned, ratified, and supported the discriminatory work environment against Plaintiff.

33. Defendant McCloskey had no legitimate business reason for terminating Plaintiff's employment.

34. Defendant McCloskey's termination of Plaintiff's employment was retaliatory.

35. Defendant McCloskey's Human Resources department made no effort to help or provide reasonable accommodation to Plaintiff when she requested it.

36. As such, Plaintiff had no one else who could investigate the discrimination she was subjected to.

37. .As a result of the Defendant's actions, Plaintiff was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

40. Defendant McCloskey's' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendant.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICAN WITH DISABILITIES ACT

41. Plaintiff repeats and alleges each and every allegation made in the above paragraphs 1-40 of this Complaint.

42. Plaintiff asserts that Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended.

43. The ADA prohibits discrimination against any qualified individual on the basis of disability, the perception that she or he is disabled, or a record of impairment.

44. Additionally, the ADA requires a covered entity to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

45. As described above, Defendant and its staff discriminated against Plaintiff in violation of the ADA by failing to accommodate her disabilities.

46. Plaintiff had, and /or Defendant perceived that she had a physical impairment that substantially limits one or more of her major life activities.

47. As a result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, worsened anxiety, humiliation, embarrassment, stress, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

48. As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under the law.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

49. Plaintiff repeats and alleges each and every allegation made in the above paragraphs 1-48 of this Complaint.

50. The ADA prohibits retaliation, interference, coercion, or intimidation.

51. 42 U.S.C. § 12203 provides:

    a. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

52. Defendant engaged in an unlawful discriminatory practice by retaliating against Plaintiff because of her disability and for engaging in protected activity by requesting a reasonable accommodation.

53. Defendant knew or should have known of their obligations to accommodate Plaintiff under the ADA.

54. But for Plaintiff's disabilities and multiple requests for reasonable accommodations, Defendant would not have terminated her employment.

55. Defendant had no good-faith business justification to terminate Plaintiff.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, loss of bonuses, loss of benefits, loss of employment and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, special damages, emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses, Plaintiff has further experienced severe emotional and physical distress.

57. As such, Plaintiff is entitled to the maximum amount allowed under this law.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs 1-57 of this Complaint.

59. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

10

60. Plaintiff was subjected to discrimination that was solely on the basis of her disabilities.

61. As a result of the acts and conduct complained herein, Plaintiff has suffered, and will continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK STATE LAW

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs 1-61 of this Complaint as it more fully set forth herein at length.

63. Executive Law § 296 provides that "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

64. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her opposition to the unlawful employment practices of the Defendant.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs 1-64 of this Complaint as if more fully set forth herein at length.

66. The Administrative Code of City of NY § 8-107 [1] provide that,

11

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or an employee agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employments such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

67. Defendant discriminated against Plaintiff based upon her pregnancy and resulting disabilities from such pregnancy.

68. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminatory against Plaintiff because of her disabilities.

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs 1-68 of this Complaint as if more fully set forth herein at length.

70. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer … to discharge … or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

71. Defendant terminated Plaintiff in retaliation for her requesting reasonable accommodations based upon her pregnancy and resulting disability and protesting when Defendant failed to accommodate.

72. Defendant violated the section cited herein as set forth.

### AS A SEVENTH CAUSE OF ACTION FOR RETALIATION
#### The New York City Human Rights Law § 8-107

73. Plaintiff repeats and re-alleges the allegations contained in the paragraphs 1-72 above, as if fully set forth herein.

74. Defendant violated the section cited herein as set forth.

75. During her employment for Defendant, Plaintiff had a disability under the NYCHRL.

76. Defendant retaliated against Plaintiff based upon her disability.

77. Defendant's conduct was willful and in violation of the New York City Human Rights Law § 8-107.

### AS AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
#### The Family and Medical Leave Act, 29 U.S.C. § 2615
#### (FMLA RETALIATION)

78. Plaintiff repeats and re-alleges the allegations contained in the paragraphs 1-77 above, as if fully set forth herein.

79. In October, 2022, Plaintiff informed Defendant of her request to take leave under the FMLA.

80. Plaintiff's approved leave began in November, 2022 and was scheduled to continue until May 4, 2023.

81. On or about May 3, 2023, the day prior to her return, Plaintiff was terminated over the phone based on alleged record-keeping issues.

82. On information and belief this reason for termination was fabricated and was retaliation for Plaintiff haven taken such leave.

83. Defendant's conduct was willful and in violation of the Family Medical Leave Act, 29 U.S.C. § 2615.

13

AS AND FOR A NINTH CAUSE OF ACTION<br>
FOR DISCRIMINATION AND TERMINATION UNDER THE<br>
NYC PREGNANT WORKERS FAIRNESS ACT<br>
N.Y.C.Admin. Code section 8-101 et seq. 8-107(22)

84. Plaintiff repeats and re-alleges the allegations contained in the paragraphs 1-83. above, as if fully set forth herein.

85. The New York City Human Rights Law prohibits an employer or an employee or agent from discriminating against an employee in the terms and conditions of her employment and discharging an employee based on Plaintiff's disability and perceived disability due to her pregnancy and related medical condition. (N.Y.C. Admin Code section 8017(1)(a).

86. Defendant repeatedly discriminated against Plaintiff based upon her pregnancy and disabilities.

87. Defendant violated the above and Plaintiff suffered numerous damages as a result.

AS AND FOR AN TENTH CAUSE OF ACTION<br>
FOR FAILURE TO PROVIDE A REASONABLE<br>
ACCOMMODATION UNDER THE NYC PREGNANT<br>
WORKERS FAIRNESS ACT ("PWFA")<br>
N.Y.C. Admin.Code section 8-101 et seq. section 8-107(22)

88. Plaintiff repeats and re-alleges the allegations contained in the paragraphs 1-87. above, as if fully set forth herein.

89. The New York City Human Rights Law prohibits an employer or employee or agent from using to provide a reasonable accommodation to the needs of an employee for her pregnancy, childbirth or related medical conditions that will allow an employee to perform the essential requisites of the job. N.Y.C.Admin. Code.Section 8-107(22).

90. Defendant violated the New York City Pregnant Workers Fairness Act when it was aware of Torres' pregnancy but failed to provide her with a reasonable accommodation for the duration of her employment. Defendant additionally violated the NYC PWFA when it terminated her employment because she requested an accommodation for her pregnancy.

91. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## PUNITIVE DAMAGES

92. Plaintiff is entitled to the maximum amount allowed under this statute/law.

93. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

94. As such, punitive damages are appropriate as a result of Defendant's above-described conduct and Plaintiff demands Punitive Damages as against the Defendant.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Americans with Disabilities Act, the New York State Human Rights Law, the FMLA, and the New York City Human Rights Law, in that Defendants discriminated against Plaintiff on the basis of her disability, perceived disability and need for reasonable accommodation;

15

B. Awarding damages to Plaintiff resulting from Defendant's unlawful practices, and to otherwise make her whole of any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages related to injuries suffered as per Plaintiff's State-law and City-law claims;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: July 30, 2024
New York, New York

                                Respectfully submitted,
                                **THE LAW OFFICES OF ROBERT M. FOX**
                                Attorney for the Plaintiff

BY:    *Susan Adler*
                                Susan Adler, Esq.
                                The Law Offices of Robert M. Fox
                                630 Third Avenue, 18th Floor
                                New York, NY 10017